reach in light of its resolution of the question concerning the prosecutor's cross-examination of defendant.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ–VINA, and TIMPONE join in JUSTICE SOLOMON's opinion.

153 A.3d 240

IN THE MATTER OF ROBERT N. WILKEY, AN ATTORNEY AT LAW (ATTORNEY NO. 003792004)

FILED February 2, 2017

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 16–054, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **ROBERT N. WILKEY** of **VALLEY TOWNSHIP, PENNSYLVANIA,** who was admitted to the bar of this State in 2004, should be suspended from the practice of law for a period of two years based on respondent's guilty plea to three counts of identity theft in the Commonwealth of Pennsylvania, conduct that violates *RPC* 8.4(b)(commission of a criminal act that reflects adversely on an attorney's honesty, trustworthiness or fitness as a lawyer), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having determined that the suspension should be retroactive to June 11, 2014, the date on which respondent reported his Pennsylvania discipline to the Office of Attorney Ethics;

And good cause appearing;

It is ORDERED that **ROBERT N. WILKEY** is suspended from the practice of law for a period of two years, retroactive to June 11, 2014, and until the further Order of the Court, and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(d); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.